# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division – Los Angeles)
## CRIMINAL DOCKET FOR CASE #: 2:22–mj–00740–DUTY All Defendants

Case title: USA v. Pennington

Date Filed: 02/23/2022

Date Terminated: 02/24/2022

Assigned to: Duty Magistrate Judge

**Defendant (1)**

| | | |
|---|---|---|
| **Ariel James Pennington**<br>*TERMINATED: 02/24/2022* | represented by | **Michael L. Brown , II**<br>Federal Public Defenders Office<br>321 East 2nd Street<br>Los Angeles, CA 90012<br>213–894–5327<br>Fax: 213–894–0081<br>Email: michael_l_brown@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or*<br>*Community Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **US Attorney's Office**<br>AUSA – Office of US Attorney<br>Criminal Division – US Courthouse<br>312 North Spring Street 12th Floor<br>Los Angeles, CA 90012–4700<br>213–894–2434<br>Email: USACAC.Criminal@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney* |

| Date Filed | # | Docket Text |
|---|---|---|

| 02/23/2022 | 1 | AFFIDAVIT RE: OUT–OF–DISTRICT WARRANT (Rule 5(c)(3)) filed as to defendant Ariel James Pennington, originating in the Western District of Oklahoma. Defendant charged in violation of: 49:46504 and 18:111(a)(1). Signed by agent Jane Kim, FBI Special Agent. filed by plaintiff USA. (mat) (Entered: 03/01/2022) |
|---|---|---|
| 02/23/2022 | 2 | REPORT COMMENCING CRIMINAL ACTION as to Defendant Ariel James Pennington; defendants Year of Birth: 1986; date of arrest: 2/23/2022 (mat) (Entered: 03/01/2022) |
| 02/23/2022 | 3 | SEALED Defendant Ariel James Pennington arrested on warrant issued by the USDC Western District of Oklahoma at Oklahoma. (Attachments: # 1 Charging Document)(mat) (Entered: 03/01/2022) |
| 02/23/2022 | 4 | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION filed by Plaintiff USA as to Defendant Ariel James Pennington. (mat) (Entered: 03/01/2022) |
| 02/23/2022 | 5 | MINUTES OF ARREST ON OUT OF DISTRICT WARRANT held before Magistrate Judge Steve Kim as to Defendant Ariel James Pennington. Court issues Order under Fed. R. Crim. P. 5(f) concerning prosecutor's disclosure obligations; see General Order 21–02 (written order). Defendant arraigned and states true name is as charged. Attorney: Michael Brown, for Ariel James Pennington, Deputy Federal Public Defender, present. Court orders defendant Temporarily detained. Detention Hearing set for 2/24/2022 03:00 PM before Magistrate Judge Steve Kim. Abstract of Order to Return Defendant to Court on Next Court Day (M–20) issued. Original forwarded to USM. Court Smart: 2/23/22. (mat) (Entered: 03/01/2022) |
| 02/23/2022 | 6 | ORDER OF TEMPORARY DETENTION Pending Hearing Pursuant to Bail Reform Act by Magistrate Judge Steve Kim as to Defendant Ariel James Pennington. Pending hearing, the defendant shall be held in custody by the U. S. Marshal and produced for the hearing. Detention Hearing set for 2/24/2022 03:00 PM before Magistrate Judge Steve Kim. (mat) (Entered: 03/01/2022) |
| 02/23/2022 | 7 | ADVISEMENT OF STATUTORY & CONSTITUTIONAL RIGHTS filed by Defendant Ariel James Pennington. (mat) (Entered: 03/01/2022) |
| 02/23/2022 | 8 | CONSENT to Video Conference/Telephonic Conference filed by Defendant Ariel James Pennington. (mat) (Entered: 03/01/2022) |
| 02/23/2022 | 9 | FINANCIAL AFFIDAVIT filed as to Defendant Ariel James Pennington. (Not for Public View pursuant to the E–Government Act of 2002) (mat) (Entered: 03/01/2022) |
| 02/23/2022 | 10 | DECLARATION RE: PASSPORT filed by Defendant Ariel James Pennington, declaring that I have never been issued any passport or other travel document by any country. I will not apply for a passport or other travel document during the pendency of this case. (mat) (Entered: 03/01/2022) |
| 02/23/2022 | 11 | WAIVER OF RIGHTS approved by Magistrate Judge Steve Kim as to Defendant Ariel James Pennington. (mat) (Entered: 03/01/2022) |
| 02/24/2022 | 12 | MINUTES OF Detention Hearing held before Magistrate Judge Steve Kim Court sets bail at: $15,000 see bond for details. Request for detention is withdrawn. Court orders defendant held answer to Western District of Oklahoma. Bond to transfer, if bail is posted. Defendant to report on or before 3/9/22 at 3:00 PM before Judge Purcell in Crtrm 201. Court orders the Indictment to be UNSEALED. Defendant's counsel provides to the Court a Consent to Appearance by Video Teleconference to be filed in the WD of OK, which is attached to this Order. Court Smart: 2/24/22. (mat) (Entered: 03/01/2022) |
| 02/24/2022 | 13 | REDACTED AFFIDAVIT OF SURETIES (No Justification – Pursuant to Local Criminal Rule 46–5.2.8) in the amount of $15,000 by surety: Marisha Pennington for Detention Hearing, 12 . Filed by Defendant Ariel James Pennington (mat) (Entered: 03/01/2022) |
| 02/24/2022 | 14 | SEALED UNREDACTED AFFIDAVIT OF SURETY filed by Defendant Ariel James Pennington re: Affidavit of Surety (No Justification)(CR–4) 13 (mat) (Entered: 03/01/2022) |

| 02/25/2022 | 15 | BOND AND CONDITIONS OF RELEASE filed as to Defendant Ariel James Pennington conditions of release:$15,000 approved by Magistrate Judge Karen L. Stevenson. Original bond routed to Western District of Oklahoma. (mat) (Entered: 03/02/2022) |
|---|---|---|
| 03/01/2022 | | Notice to Western District of Oklahoma of a Rule 5 or Rule 32 Initial Appearance as to Defendant Ariel James Pennington. The clerk will transmit any restricted documents via email. Using your PACER account, you may retrieve the docket sheet and any text−only entries via the case number link. The following document link(s) is also provided: 12 Detention Hearing. If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs− LA@cacd.uscourts.gov. (mat) (Entered: 03/01/2022) |
| 03/02/2022 | | Notice to Western District of Oklahoma of a Rule 5 or Rule 32 Initial Appearance as to Defendant Ariel James Pennington. Using your PACER account, you may retrieve the docket sheet and any text−only entries via the case number link. The following document link(s) is also provided: 15 Bond and Conditions (CR−1). If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs−LA@cacd.uscourts.gov. (mat) (Entered: 03/02/2022) |

FILED

Reset Form

2022 FEB 23  AM 11: 42

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America | CASE NUMBER |
| PLAINTIFF(S) | 22MJ00740 |
| v. | |
| ARIEL JAMES PENNINGTON | **DECLARATION RE** |
| DEFENDANT(S). | **OUT-OF-DISTRICT WARRANT** |

The above-named defendant was charged by:    indictment

in the ___Western___ District of ___Oklahoma___ on __01/18/2022__

at __11:07__  ☒ a.m. / ☐ p.m.  The offense was allegedly committed on or about __12/09/2021__

in violation of Title __49__ U.S.C., Section(s)  __46504 and 18 USC 111(a)(1)__

to wit:  __Interference with Flight Attendant and Assaulting a Federal Officer by Physical Assault__

A warrant for defendant's arrest was issued by:  __Western District of Oklahoma__

Bond of $_____ was ☐ set / ☐ recommended.

Type of Bond:

Relevant document(s) on hand (attach): __Indictment and Arrest Warrant__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __02/23/2022__
                         Date

| | |
|---|---|
| _Jane Kim_ | __Jane Kim__ |
| Signature of Agent | Print Name of Agent |
| __FBI__ | __Special Agent__ |
| Agency | Title |

Submit this form by e-mail to:

CrimIntakeCourtDocs-LA@cacd.uscourts.gov   For Los Angeles criminal duty.
CrimIntakeCourtDocs-SA@cacd.uscourts.gov   For Santa Ana criminal duty.
CrimIntakeCourtDocs-RS@cacd.uscourts.gov   For Riverside criminal duty.

FILED

2022 FEB 23   AM 11: 42

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | | CASE NUMBER: |
|---|---|---|
| v. | PLAINTIFF | 2 2 MJ 0 0 7 4 0 |
| ARIEL JAMES PENNINGTON | | **REPORT COMMENCING CRIMINAL ACTION** |
| USMS# _____ | DEFENDANT | |

TO: CLERK'S OFFICE, U.S. DISTRICT COURT

All areas must be completed. Any area not applicable or unknown should indicate "N/A".

1. The defendant was arrested in this district on _02/23/2022 9:30_ at ☒ AM ☐ PM
   or
   The defendant was arrested in the _____ District of _____ on _____ at ☐ AM ☐ PM

2. The above named defendant is currently hospitalized and cannot be transported to court for arraignment or any other preliminary proceeding: ☐ Yes ☒ No

3. Defendant is in U.S. Marshals Service lock-up (in this court building): ☒ Yes ☐ No

4. Charges under which defendant has been booked:

   49 USC 46504 (Interference with Flight Attendant); 18 USC 111(a)(1) (Assault on Federal Officer)

5. Offense charged is a: ☒ Felony ☐ Minor Offense ☐ Petty Offense ☐ Other Misdemeanor

6. Interpreter Required: ☒ No ☐ Yes   Language: _____

7. Year of Birth: _1986_

8. Defendant has retained counsel: ☒ No
   ☐ Yes   Name: _____   Phone Number: _____

9. Name of Pretrial Services Officer notified: _Duty Officer_

10. Remarks (if any): _____

11. Name: _SA Jane Kim_   (please print)

12. Office Phone Number: _626-705-6725_          13. Agency: _FBI_

14. Signature: _Jane Kim_          15. Date: _02/23/2022_

CR-64 (09/20)          **REPORT COMMENCING CRIMINAL ACTION**

1    TRACY L. WILKISON
     United States Attorney
2    SCOTT M. GARRINGER
     Assistant United States Attorney
3    Chief, Criminal Division
     JENA A. MACCABE (Cal. Bar No. 316637)
4    Assistant United States Attorney
     General Crimes Section
5         1200 United States Courthouse
          312 North Spring Street
6         Los Angeles, California 90012
          Telephone: (213) 894-5046
7         Facsimile: (213) 894-0141
          E-mail:   jena.maccabe@usdoj.gov
8
     Attorneys for Plaintiff
9    UNITED STATES OF AMERICA

```
                   FILED
            CLERK, U.S. DISTRICT COURT

                 2/23/2022

         CENTRAL DISTRICT OF CALIFORNIA
         BY:    clee      DEPUTY
```

10                   UNITED STATES DISTRICT COURT

11              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12   UNITED STATES OF AMERICA,        No. 2:22-MJ-00740-DUTY

13                  Plaintiff,        GOVERNMENT'S NOTICE OF REQUEST FOR
                                      DETENTION
14                  v.

15   ARIEL JAMES PENNINGTON,

16                  Defendant.

17

18        Plaintiff, United States of America, by and through its counsel

19   of record, hereby requests detention of defendant and gives notice of

20   the following material factors:

21   ☐  1.   Temporary 10-day Detention Requested (§ 3142(d)) on the

22           following grounds:

23      ☐  a.   present offense committed while defendant was on release

24              pending (felony trial),

25      ☐  b.   defendant is an alien not lawfully admitted for

26              permanent residence; and

27

28

1  ☐   c.   defendant may flee; or

2  ☐   d.   pose a danger to another or the community.

3  ☒   2.   Pretrial Detention Requested (§ 3142(e)) because no

4       condition or combination of conditions will reasonably

5       assure:

6     ☒   a.   the appearance of the defendant as required;

7     ☒   b.   safety of any other person and the community.

8  ☐   3.   Detention Requested Pending Supervised Release/Probation

9       Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

10       § 3143(a)):

11     ☐   a.   defendant cannot establish by clear and convincing

12          evidence that he/she will not pose a danger to any

13          other person or to the community;

14     ☐   b.   defendant cannot establish by clear and convincing

15          evidence that he/she will not flee.

16  ☐   4.   Presumptions Applicable to Pretrial Detention (18 U.S.C.

17       § 3142(e)):

18     ☐   a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

19          (46 U.S.C. App. 1901 et seq.) offense with 10-year or

20          greater maximum penalty (presumption of danger to

21          community and flight risk);

22     ☐   b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

23          2332b(g)(5)(B) with 10-year or greater maximum penalty

24          (presumption of danger to community and flight risk);

25     ☐   c.   offense involving a minor victim under 18 U.S.C.

26          §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

27          2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

28

2

1   2260, 2421, 2422, 2423 or 2425 (presumption of danger

2   to community and flight risk);

3   ☐   d.   defendant currently charged with an offense described

4   in paragraph 5a – 5e below, AND defendant was

5   previously convicted of an offense described in

6   paragraph 5a – 5e below (whether Federal or

7   State/local), AND that previous offense was committed

8   while defendant was on release pending trial, AND the

9   current offense was committed within five years of

10   conviction or release from prison on the above-

11   described previous conviction (presumption of danger to

12   community).

13   ☒   5.   Government Is Entitled to Detention Hearing Under § 3142(f)

14   If the Case Involves:

15   ☐   a.   a crime of violence (as defined in 18 U.S.C.

16   § 3156(a)(4)) or Federal crime of terrorism (as defined

17   in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum

18   sentence is 10 years' imprisonment or more;

19   ☐   b.   an offense for which maximum sentence is life

20   imprisonment or death;

21   ☐   c.   Title 21 or MDLEA offense for which maximum sentence is

22   10 years' imprisonment or more;

23   ☐   d.   any felony if defendant has two or more convictions for

24   a crime set forth in a-c above or for an offense under

25   state or local law that would qualify under a, b, or c

26   if federal jurisdiction were present, or a combination

27   or such offenses;

28

3

1    ☐    e.   any felony not otherwise a crime of violence that

2                involves a minor victim or the possession or use of a

3                firearm or destructive device (as defined in 18 U.S.C.

4                § 921), or any other dangerous weapon, or involves a

5                failure to register under 18 U.S.C. § 2250;

6    ☒    f.   serious risk defendant will flee;

7    ☐    g.   serious risk defendant will (obstruct or attempt to

8                obstruct justice) or (threaten, injure, or intimidate

9                prospective witness or juror, or attempt to do so).

10   ☐   6.   Government requests continuance of _____ days for detention

11              hearing under § 3142(f) and based upon the following

12              reason(s):

13

14   _____

15   _____

16   _____

17 // _____

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

☐   7.   Good cause for continuance in excess of three days exists in
         that:

_____

_____

_____

_____

Dated: February 23, 2022          Respectfully submitted,

                                  TRACY L. WILKISON
                                  United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                   /s/ Jena A. MacCabe
                                  _____
                                  JENA A. MACCABE
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

5

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Western Division |
| Plaintiff, | Case Number: 2:22-MJ-00740     Out of District Affidavit |
| vs. | Initial App. Date: 02/23/2022     Custody |
| | Initial App. Time: 1:00 PM |
| Ariel James Pennington | |
| | |
| Defendant. | Date Filed: 02/23/2022 |
| | Violation: 49:46504; 18:111 |
| | |
| | CourtSmart/ Reporter: ___CS 02/23/22___ |

| PROCEEDINGS HELD BEFORE UNITED STATES MAGISTRATE JUDGE: Steve Kim | CALENDAR/PROCEEDINGS SHEET LOCAL/OUT-OF-DISTRICT CASE |
|---|---|

| PRESENT: | Chung, Connie G. | Jena MacCabe | None |
|---|---|---|---|
| | Deputy Clerk | Assistant U.S. Attorney | Interpreter/Language |

☐ INITIAL APPEARANCE NOT HELD - CONTINUED

☑ Court issues Order under Fed. R. Crim. P. 5(f) concerning prosecutor's disclosure obligations; see General Order 21-02 (written order).

☑ Defendant informed of charge and right to: remain silent; appointment of counsel, if indigent; right to bail; bail review and

☐ preliminary hearing OR ☑ removal hearing / Rule 20.

☑ Defendant states true name ☑ is as charged ☐ is _____

☐ Court ORDERS the caption of the Indictment/Information be changed to reflect defendant's different true name. Counsel are directed to file all future documents reflecting the true name as stated on the record.

☑ Defendant advised of consequences of false statement in financial affidavit. ☐ Financial Affidavit ordered **SEALED**.

☑ Attorney: Michael Brown, DFPD ☑ Appointed ☐ Prev. Appointed ☐ Poss. Contribution (see separate order)

☐ Special appearance by: _____

☑ Government's request for detention is: ☐ GRANTED ☐ DENIED ☑ WITHDRAWN ☑ CONTINUED

☐ Contested detention hearing is held. ☑ Defendant is ordered: ☐ Permanently Detained, ☑ Temporarily Detained (see separate order).
☐ BAIL FIXED AT $_____ **(SEE ATTACHED COPY OF CR-1 BOND FORM FOR CONDITIONS)**

☐ Government moves to UNSEAL Complaint/Indictment/Information/Entire Case: ☐ GRANTED ☐ DENIED

☐ Preliminary Hearing waived. ☐ Class B Misdemeanor ☐ Defendant is advised of maximum penalties

☐ This case is assigned to Magistrate Judge _____. Counsel are directed to contact the clerk for the setting of all further proceedings.

☐ PO/PSA WARRANT ☐ Counsel are directed to contact the clerk for
    District Judge _____ for the setting of further proceedings.

☐ Preliminary Hearing set for _____ at 4:30 PM

☐ PIA set for: _____ at 11:00 AM in LA; at 10:00 AM in Riverside; at 10:00 AM in Santa Ana

☐ Government's motion to dismiss case/defendant _____ only: ☐ GRANTED ☐ DENIED

☐ Defendant's motion to dismiss for lack of probable cause: ☐ GRANTED ☐ DENIED

☑ Defendant executed Waiver of Rights. ☐ Process received.

☐ Court ORDERS defendant Held to Answer to _____ District of _____

    ☐ Bond to transfer, if bail is posted. Defendant to report on or before _____

    ☐ Warrant of removal and final commitment to issue. Date issued: _____ By CRD: _____

    ☐ Warrant of removal and final commitment are ordered stayed until _____

☑ Case continued to (Date) ___2/24/22___ (Time) ___3:00___ AM/PM
    Type of Hearing: ___Detention___ Before Judge ___Steve Kim___ ~~Duty~~ Magistrate Judge.
    Proceedings will be held in the ☐ Duty Courtroom _____ ☑ Judge's Courtroom ___540 - IN PERSON___

☐ Defendant committed to the custody of the U.S. Marshal ☐ Summons: Defendant ordered to report to USM for processing.
☐ Abstract of Court Proceeding (CR-53) issued. Copy forwarded to USM.

☑ Abstract of Order to Return Defendant to Court on Next Court Day (M-20) issued. Original forwarded to USM.

☐ RELEASE ORDER NO: _____

☐ Other: _____

| ☐ PSA ☐ USPO ☐ FINANCIAL | ☐ CR-10 ☐ CR-29 | ☐ **READY** |
|---|---|---|
| | | Deputy Clerk Initials ___CC___ |
| | | : ___20___ |

http://156.131.20.221/cacd/CrimIntakeCal.NSF/1222c8c990b1f46c882571d2006f1655?Op...   2/23/2022

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NUMBER |
|---|---|
| PLAINTIFF | MJ 22-00740 |
| v. | |
| Ariel James Pennington, | **ORDER OF TEMPORARY DETENTION** |
| | **PENDING HEARING PURSUANT** |
| DEFENDANT(S). | **TO BAIL REFORM ACT** |

Upon motion of <u>Defendant</u>, IT IS ORDERED that a detention hearing is set for <u>Thursday</u>, <u>2/24/2022</u>, at <u>3:00</u> ☐a.m. / ☒p.m. before the Honorable <u>Steve Kim</u>, in Courtroom <u>540 (IN PERSON)</u>.

Pending this hearing, the defendant shall be held in custody by the United States Marshal or _____ and produced for the hearing.
*(Other custodial officer)*

Dated: <u>February 23, 2022</u>

Steve Kim, U.S. Magistrate Judge

Michael Brown II
Deputy Federal Public Defender
321 E. 2nd Street
Los Angeles, CA 90012

> **FILED**
> CLERK, U.S. DISTRICT COURT
>
> **2/23/2022**
>
> CENTRAL DISTRICT OF CALIFORNIA
> BY:_____ clee _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> v. <br><br> Ariel James Pennington <br><br> Defendant. | CASE NUMBER: <br><br> 22-cr-2022 <br><br> **ADVISEMENT OF DEFENDANT'S STATUTORY & CONSTITUTIONAL RIGHTS** |

You are in the United States District Court for the Central District of California because you have been charged with a crime against the United States or a violation of probation, supervised release, or pretrial release. The Court informs you that you have the following constitutional and statutory rights in connection with these proceedings:

You have the right to remain silent. Anything you say, sign, or write can be used against you in this or in any other case.

If you have not already received a copy of the charges, you will receive a copy today.

You have the right to hire and be represented by a lawyer of your choosing at each and every stage of these proceedings. If you cannot afford to hire a lawyer, you can apply to the Court to have a lawyer appointed to represent you for free from the office of the Federal Public Defender or the Indigent Defense Panel. The application for free counsel includes a financial affidavit, which you must sign under penalty of perjury. If you say something on the form that is not true or leave out material information, you could be charged with another crime, such as perjury or making a false statement.

If you are not a United States citizen, you may request that the prosecution notify your consular office that you have been arrested. Even without such a request, the law may require the prosecution to do so.

## IF YOU ARE MAKING YOUR INITIAL APPEARANCE BEFORE THE COURT

You have a right to a bail hearing in which the Magistrate Judge will determine whether you will be released from custody before trial. If you disagree with the Magistrate Judge's decision, you can appeal that decision to another Judge of this Court. You or the prosecutor can request that the bail hearing be continued to another day.

If you have been charged by complaint, you are entitled to a preliminary hearing within 14 days if the Magistrate Judge orders that you be detained pending trial, or 21 days if the Magistrate Judge orders that you be released pending trial. In a preliminary hearing, the prosecution will attempt to show that there is probable cause to believe that you committed the crime charged in the complaint. You will not be entitled to a preliminary hearing, however, if the prosecution obtains an indictment in your case before the time set for the preliminary hearing. (Most often, the prosecutors in the Central District of California present their cases to the grand jury before the time set for the preliminary hearing and, therefore, no preliminary hearing is held.)

## IF YOU ARE CHARGED WITH A VIOLATION OF
## YOUR CONDITIONS OF SUPERVISED RELEASE OR PROBATION

If you are charged with a violation of the terms and conditions of your supervised release or probation and the Magistrate Judge detains you, you have the right to a preliminary hearing before a Magistrate Judge.

*continued on Page 2*

## IF YOU ARE CHARGED IN ANOTHER DISTRICT

If you have been arrested on a charge from another district, you are entitled to wait until the prosecution produces a copy of the warrant authorizing your arrest. You are also entitled to an identity hearing in which the prosecution would have the burden of proving there is probable cause to believe that you are the person named in the charges. If you are charged in a complaint from another district, you may request to have a preliminary hearing held in the charging district. If you are charged with a violation of a term of supervised release or probation imposed in another district, you have a right to a preliminary hearing, which may, depending on where the alleged violation occurred, be held either here or in the charging district.

If you want to plead guilty in the Central District of California, you may request to have your case transferred to this district. To proceed in this district, the United States Attorneys for this district and the charging district must agree to the transfer.

## IF YOU ARE APPEARING FOR ARRAIGNMENT

If you have been charged by indictment or information, you will be arraigned and may be asked to enter a not guilty plea today. After your arraignment, your case will be assigned to a District Judge of this Court for all further proceedings, unless a Judge has already been assigned.

You are entitled to a speedy and public trial by jury. The right to a jury trial can be waived.

You are entitled to see and hear the evidence and cross-examine the witnesses against you. You are entitled to the processes of the Court to subpoena witnesses on your behalf without cost to you if you are indigent. You do not have to prove your innocence. The prosecution has the burden to prove your guilt beyond a reasonable doubt.

---

**ACKNOWLEDGMENT OF DEFENDANT:**

I have read the above Advisement of Rights and understand it. I do not require a translation of this statement nor do I require an interpreter for court proceedings.

Dated: 2/23/2022 _____      /s/ mbii _____
                                       *Signature of Defendant*

*[or]*

I have personally heard a translation in the _____ language read to me and understand the above Advisement of Rights.

Dated: _____      _____
                                *Signature of Defendant*

---

**STATEMENT OF THE INTERPRETER:**

I have translated this Advisement of Rights to the Defendant in the _____ language.

Dated: _____      _____
                                *Signature of Interpreter*

                                _____
                                *Print Name of Interpreter*

---

**STATEMENT OF COUNSEL:**

I am satisfied that the defendant has read this Advisement of Rights or has heard the interpretation thereof and that he/she understands it.

Dated: 2/23/2022 _____      /s/ mbii _____
                                       *Signature of Attorney*

NAME & ADDRESS

```
                                    ┌──────────────────────────────┐
                                    │            FILED             │
                                    │   CLERK, U.S. DISTRICT COURT  │
                                    │                              │
                                    │         2/23/2022            │
                                    │                              │
                                    │ CENTRAL DISTRICT OF CALIFORNIA│
                                    │  BY:    clee        DEPUTY   │
                                    └──────────────────────────────┘
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
|---|---|
| PLAINTIFF, | 22-cr-2022 |
| v. | |
| Ariel James Pennington | **CONSENT TO VIDEO/TELEPHONIC CONFERENCE AND/OR WAIVER OF DEFENDANT'S PRESENCE** |
| DEFENDANT(S). | ☐ **AND PROPOSED FINDINGS/ORDER** |

*Check each that applies:*

☒ CONSENT TO VIDEO CONFERENCE/TELEPHONIC CONFERENCE          ☐ WAIVER OF DEFENDANT'S PRESENCE

**1. Consent to Video Conference/Telephonic Conference**

I, _Ariel James Pennington_____, understand that the U.S. Constitution, the Federal Rules of Criminal

Procedure, and/or one or more federal statutes may give me the right to have all the below-listed proceedings take place in person in open court. After consultation with counsel, I knowingly and voluntarily consent to the proceedings below instead taking place by video conference or, if video conference is not reasonably available, by telephonic conference:

*Check each that applies:*

☒ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)          ☒ Initial Appearance (Fed. R. Crim. P. 5)

☒ Preliminary Hearing (Fed. R. Crim. P. 5.1)          ☒ Arraignment (Fed. R. Crim. P. 10)

☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)          ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))

☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))          ☐ Appearances under Fed. R. Crim. P. 40

☐ Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)

*Note: to consent to an appearance by video or telephonic conference at one of the two proceedings listed below, you must also complete the "Proposed Findings" section on page 2 of this form.*

☐ Felony Pleas (Fed. R. Crim. P. 11)          ☐ Felony Sentencings (Fed. R. Crim. P. 32)

**2. Waiver of Defendant's Presence**

I, _____, understand that the U.S. Constitution, the Federal Rules of Criminal

Procedure, and/or one or more federal statutes may give me the right to be present at all of the below-listed proceedings - in person, by video conference, or by telephonic conference. After consultation with counsel, I knowingly and voluntarily waive my right to be present in person in open court or by video conference or by telephonic conference at the proceedings below:

*Check each that applies (and use Form CR-35 to waive the defendant's presence at other types of proceedings):*

☐ Detention/Bail Review/Reconsideration Hearing(s) (18 U.S.C. Sec. 3142)          ☐ Waiver of Indictment (Fed. R. Crim. P. 7(b))

☐ Preliminary Hearing (Fed. R. Crim. P. 5.1)          ☐ Appearances under Fed. R. Crim. P. 40

☐ Pretrial Release Revocation Proceedings (18 U.S.C. Sec. 3148)

☐ Misdemeanor Pleas and Sentencings (Fed. R. Crim. P. 43(b)(2))

☐ Probation and Supervised Release Revocation Proceedings (Fed. R. Crim. P. 32.1)

| | |
|---|---|
| _____ | _____ |
| Date | Defendant |
| | ☒ Signed for Defendant by Counsel for Defendant with Defendant's Authorization [Check if applicable] |

I have translated this consent/waiver to the Defendant in the _____ language.

_____
Date

_____
Interpreter (if required)

☐ Signed for Interpreter by Counsel for Defendant with
Interpreter's Authorization [Check if applicable]

I am counsel for the Defendant herein.  Prior to the Defendant signing this document or authorizing me to sign this document on the Defendant's behalf, I fully advised the Defendant of the Defendant's above-referenced rights and consulted with the Defendant regarding such rights and the Defendant's consent/waiver(s).  I believe that the Defendant understands such rights and that the Defendant's consent/waiver(s) are knowing and voluntary, and I concur with such consent/waiver(s).

2/23/2022
_____
Date

_____
Counsel for Defendant

---

**3. Proposed Findings Regarding Harm of Further Delay of Felony Plea or Sentencing**

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), felony pleas and sentencings cannot be conducted other than in person in open court unless the judge makes specific findings that the plea or sentencing "cannot be further delayed without serious harm to the interests of justice."  Accordingly, if the defendant intends to consent to a felony plea or sentencing taking place by video conference or, if video conference is not reasonably available, by telephonic conference, instead of in person in open court, the defendant must set forth below proposed findings sufficient to make this showing.

**4. Order Adopting Findings Regarding Harm of Further Delay of Felony Plea or Sentencing**

Pursuant to § 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act and § 2 of Order of the Chief Judge No. 20-043 (In Re: Coronavirus Public Emergency Use of Video and Telephonic Conference in Certain Criminal Proceedings), I hereby find that the:

☐ Felony Plea (Fed. R. Crim. P. 11)      ☐ Felony Sentencing (Fed. R. Crim. P. 32)

in this case cannot be further delayed without serious harm to the interests of justice, for the reasons set forth above.

_____
Date

_____
United States District Judge

Michael Brown II
Deputy Federal Public Defender
321 E. 2nd Street
Los Angeles, CA 90012

```
                                            FILED
                                    CLERK, U.S. DISTRICT COURT

                                        2/23/2022

                                    CENTRAL DISTRICT OF CALIFORNIA
                                    BY:    clee        DEPUTY
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

PLAINTIFF

v.

Pennington

DEFENDANT.

CASE NUMBER:    22-MJ-740
~~22-cr-22~~

**DECLARATION RE PASSPORT AND
OTHER TRAVEL DOCUMENTS**

I, Ariel James Pennington _____, declare that
*(Defendant/Material Witness)*

☑ I have never been issued any passport or other travel document by any country. I will not apply for a passport or other travel document during the pendency of this case.

☐ I have been issued a passport or other travel document(s). I will surrender my passport and all other travel document(s) issued to me to the U.S. Pretrial Services Agency by the deadline imposed. I will not apply for a passport or other travel document during the pendency of this case.

☐ I am unable to locate my passport(s) or other travel document(s). If I locate any passport or other travel document issued to me, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case.

☐ My passport and all other travel documents issued to me are in the possession of federal authorities. If any such document is returned to me during the pendency of this case, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ____23____ day of ____February____, 2021
at Los Angeles, CA _____
*(City and State)*

_/s/ mbii with authorization_
*Signature of Defendant/Material Witness*

If the declarant is not an English speaker, include the following:

I, _____, am fluent in written and spoken English and _____
languages. I accurately translated this form from English into _____
to declarant _____ on this date.

Date: _____         _____
                              *Interpreter*

CR-37 (05/15)          DECLARATION RE PASSPORT AND OTHER TRAVEL DOCUMENTS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

PLAINTIFF

v.

Ariel James Pennington

DEFENDANT.

CASE NUMBER:

**FILED**
CLERK, U.S. DISTRICT COURT

2/23/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___clee___ DEPUTY

# WAIVER OF RIGHTS
# (OUT OF DISTRICT CASES)

I understand that charges are pending in the ___Western___ District of ___Oklahoma___ alleging violation of ___49 USC 46504___ and that I have been arrested in this district and
*(Title and Section / Probation / Supervised Release)*
taken before a United States Magistrate Judge, who has informed me of the charge(s) and my rights to:

(1)  have an identity hearing to determine whether I am the person named in the charges;
(2)  arrival of process;

*-Check one only-*

☒  **EXCLUDING PROBATION OR SUPERVISED RELEASE CASES:**
(3)  have a preliminary hearing (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and
(4)  request transfer of the proceedings to this district under Rule 20, Fed.R.Crim.P., in order to plead guilty.

☐  **PROBATION OR SUPERVISED RELEASE CASES:**
(3)  have a preliminary hearing (if the violation charged allegedly occurred in this district, and I am held in custody solely on that charge) under Rule 32.1(b), Fed.R.Crim.P., to determine whether there is probable cause to believe I have violated the terms of my probation/supervised release.

**I HEREBY WAIVE (GIVE UP) MY RIGHT(S)  TO:**

☑  have an identity hearing
☑  arrival of process
☐  have a preliminary hearing
☐  have an identity hearing, and I have been informed that I have no right to a preliminary hearing
~~have an identity hearing, but I request that a preliminary hearing be held in the prosecuting district.~~   S/K

_____
Defendant

_____
Defense Counsel

Date: _2/23/2022_____

_____
United States Magistrate Judge   STEVE KIM

I have translated this Waiver to the defendant in the _____ language.

Date: _____

_____
Interpreter(if required)

M-14 (09/09)                    WAIVER OF RIGHTS (OUT OF DISTRICT CASES)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### MINUTES - DETENTION HEARING - REVIEW/RECONSIDERATION OF BAIL / DETENTION ORDER - NEBBIA HEARING

Case No. MJ 22-00740 _____ CourtSmart CS 02/24/22 _____ Date: February 24, 2022

Present: The Honorable Steve Kim _____, U.S. Magistrate Judge

| Connie Chung | Jena MacCabe | N/A |
|---|---|---|
| *Deputy Clerk* | *Assistant U.S. Attorney* | *Interpreter / Language* |

| USA v. Ariel James Pennington | Attorney Present for Defendant: |
|---|---|
| | Michael Brown |
| ☑ Present  ☑ Custody  ☐ Bond  ☐ Not present | ☑ Present  ☐ CJA  ☐ Retd  ☑ DFPD  ☐ Not present |

**PROCEEDINGS: DETENTION HEARING**          ☐ Contested detention hearing is held.

☑ Government's request for detention is:  ☐ GRANTED  ☐ DENIED  ☑ WITHDRAWN  ☐ CONTINUED
☐ Witnesses CST (see separate list).      ☐ Exhibits Marked/Admitted (see separate list).
☐ Court orders that exhibits be returned to the respective counsel / party of record.
　　☐ See Receipt for Release of Exhibits to Counsel.
☑ Counsel stipulation to bail.
☐ Court finds presumption under 18 USC 3142e _____ has not been rebutted.
☐ Court ORDERS DEFENDANT PERMANENTLY DETAINED. See separate detention order.
☐ Court finds presumption under 18 USC 3142e _____ has been rebutted.
☑ **Court sets bail at: $ 15,000.00 _____ .     ☑ SEE ATTACHED COPY OF CR-01 BOND FORM FOR CONDITIONS OF RELEASE.**
☐ Court orders that defendant be detained for a period not to exceed ten (10) Court days. See separate order re temporary detention.
☐ Court orders further detention / bail hearing to be set on _____ at _____ ☐a.m. / ☐p.m. in
　　Courtroom _____ before Judge _____ .
☐ Court orders case continued to _____ at _____ ☐a.m. / ☐p.m. for _____ , in
　　Courtroom _____ before Judge _____ .
☑ Release Order Issued - Release No. Electronic Release 2/24/22 - cc _____ .
☑ Other: Court orders defendant held answer to Western District of Oklahoma. Bond to transfer, if bail is posted. Defendant to report on or before 3/9/22 at 3:00 PM before Judge Purcell in Crtrm 201. Court orders the Indictment to be **UNSEALED.** Defendant's counsel provides to the Court a Consent to Appearance by Video Teleconference to be filed in the WD of OK, which is attached to this Order.

**PROCEEDINGS:**  ☐ **REVIEW / RECONSIDERATION OF BAIL / DETENTION ORDER - BOND HEARING**
　　　　　　　　 ☐ **NEBBIA HEARING**

Hearing on ☐ Plaintiff's  ☐ Defendant's request for review / reconsideration of bail / detention order had and request is:
　　　　　　　　☐ GRANTED  ☐ DENIED
Court ORDERS bail as to the above-named defendant ☐ modified to ☐ set at: $ _____
　　　☐ **SEE ATTACHED COPY OF CR-01 BOND FORM FOR CONDITIONS OF RELEASE.**
☐ Bond previously set is ordered vacated.
☐ Court orders defendant permanently detained. See separate order.
☐ Court denies request for bail, defendant shall remain permanently detained as previously ordered.
☐ Witnesses CST (see separate list).      ☐ Exhibits Marked / Admitted (see separate list).
☐ Court orders that exhibits be returned to the respective counsel / party of record.
　　☐ See Receipt for Release of Exhibits to Counsel.
☐ Case continued to _____ at _____ ☐ a.m. / ☐ p.m. for _____
　　before Judge _____ in Courtroom _____ .
☐ Nebbia conditions are satisfied and the Government approves the bond package as presented to the Court.
☐ Other _____

Release Order Issued - Release No. _____          00 : 25

　　　　　　　　　　　　　　　　　　　Deputy Clerk Initials CC _____

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,      )
                                     )

            Plaintiff,      )
                                     )

vs.                             )     Case No. _22·cv – 22_

_Pennington_____,      )

           )
            Defendant.     )

### CONSENT TO APPEARANCE BY VIDEO TELECONFERENCE

       In accordance with Rule 43 of Federal Rules of Criminal Procedure, the undersigned Defendant has been advised and understands that a Defendant in a criminal proceeding has the right to be present in person at initial appearance, arraignment, plea and sentencing. The undersigned Defendant has been further advised and understands that a Defendant in a ~~Felony~~ criminal proceeding need not be present in court before a judge for a **Misdemeanor Offense** *Felony not* if the Defendant consents in writing and the Court specifically approves Defendant's absence.

       The undersigned Defendant, after being fully advised hereby consents that the following event(s) will be conducted by video teleconference (Defendant to provide initials):

        _X_ Initial Appearance       _X_ Arraignment

        _____ Plea                _____ Sentencing

This consent shall apply to all charges/cases of Defendant now pending with the Court.

       Executed on _24_ day of _2022_____.

**Defendant:**
_____

**APPROVED:**

**Defendant's Attorney:**
_____

_____
**UNITED STATES MAGISTRATE**

## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case Name:** United States of America v. **Ariel James Pennington**    **Case No.** MJ 22-00740

Violation of Title and Section: _____49:46504;____18:111_____

☐ Summons    ☒ Out of District    ☐ **UNDER SEAL**    ☐ Modified Date: _____

*Check __only__ one of the five numbered boxes below (unless one bond is to be replaced by another):*

1. ☐ Personal Recognizance (*Signature Only*)
2. ☐ Unsecured Appearance Bond
   $ _____
3. ☒ Appearance Bond
   $ 15,000 _____
   (a). ☐ Cash Deposit (*Amount or %*) (*Form CR-7*)
   (b). ☒ Affidavit of Surety Without
   Justification (*Form CR-4*) Signed by:
   Defendant's mother
   Marisha Pennington
   _____
   _____
   _____
   _____
   _____

(c). ☐ Affidavit of Surety With Justification
(*Form CR-3*) Signed by:
_____
_____
_____

☐ With Full Deeding of Property:
_____
_____
_____
_____
_____

4. ☐ Collateral Bond in the Amount of (*Cash or Negotiable Securities*):
   $ _____
5. ☐ Corporate Surety Bond in the Amount of:
   $ _____

Release No.

Electronic Release 2/24/22-cc

☐ **Release to Pretrial ONLY**
☐ **Release to Probation ONLY**
☒ **Forthwith Release**
_____

☐ All Conditions of Bond
(*Except Clearing-Warrants Condition*) Must be Met and Posted by:
_____

☐ Third-Party Custody Affidavit (*Form CR-31*)

☒ Bail Fixed by Court:
SK / CC
(*Judge / Clerk's Initials*)

### PRECONDITIONS TO RELEASE

☐ The government has requested a Nebbia hearing under 18 U.S.C. § 3142(g)(4).
☐ The Court has ordered a Nebbia hearing under § 3142 (g)(4).
☐ The Nebbia hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

### ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

☒ Submit to: ☒ Pretrial Services Agency (PSA) supervision as directed by PSA; ☐ Probation (USPO) supervision as directed by USPO.
**(*The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency.")*

☒ Surrender all passports and travel documents to Supervising Agency no later than _____, sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.

☒ Travel is restricted to CA CD and Western District of Oklahoma _____ unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel.

☒ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

☒ Maintain or actively seek employment and provide proof to Supervising Agency. ☒ Employment to be approved by Supervising Agency.

☐ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: _____ Date: 2/24/22

Case Name: United States of America v. Ariel James Pennington    Case No. MJ 22-00740

■ Defendant    ☐ Material Witness

■ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or

witness in the subject investigation or prosecution, ☐ including but not limited to _____

_____; ☐ except _____.

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence

of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present:

■ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ■ In order to determine compliance,

you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your

own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree

to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining

permission from the Court, except _____

☐ Do not engage in tax preparation for others.

■ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and

requirements of the program.  You must pay all or part of the costs for treatment based upon your ability to pay as determined by

Supervising Agency.

☐ Do not use or possess illegal drugs or state-authorized marijuana.    ☐ In order to determine compliance, you agree to

submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or

designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as

prescribed by a medical doctor.

■ Submit to: ☐ drug and/or ■ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency.

You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs

of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to PSA only** ☐ **Release to USPO only**

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by

Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

☐ Participate in the Location Monitoring Program marked below and abide by all of the requirements of the program and any indicated

restrictions, under the direction of the Supervising Agency.  You must pay all or part of the costs of the program based upon your ability

to pay as determined by the Supervising Agency.  You are financially responsible for any lost or damaged equipment.

**Location Monitoring Technology**

☐ Location Monitoring technology at the discretion of the Supervising Agency

**or**

Defendant's Initials: _____    Date: 2/24/22

**Case Name:** United States of America v. **Ariel James Pennington**          Case No. MJ 22-00740

☑ Defendant     ☐ Material Witness

☐ Location Monitoring **with** a bracelet

    ☐ at the discretion of the Supervising Agency **or**

    ☐ Radio Frequency (RF) **or**

    ☐ Global Positioning System (GPS)

    ☐ Release to the Supervising Agency only **or**     ☐ Placement of bracelet within 24 hours of release

**or**

☐ Location Monitoring **without** a bracelet

    ☐ at the discretion of the Supervising Agency **or**

    ☐ Virtual/Biometric **or**

    ☐ Voice Recognition

**Restrictions**

☐ Location Monitoring only - no residential restrictions

☐ Curfew - You are restricted to your residence every day:
    ☐ from _____ to _____
    ☐ as directed by Supervising Agency

☐ Home Detention - You are restricted to your residence at all times except for employment, education, religious services, medical needs or treatment, attorney visits, court appearances and obligations, essential needs, and _____, all of which must be preapproved by the Supervising Agency

☐ Home Incarceration - You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances and obligations, and _____, all of which must be preapproved by the Supervising Agency

☐ You are placed in the third-party custody (*Form CR-31*) of _____.

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within _____ days of release from custody.

☐ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except as approved by Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

Defendant's Initials: _____     Date: _____

**Case Name:** United States of America v. **Ariel James Pennington**     Case No.  MJ 22-00740

■ Defendant     ☐ Material Witness

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S. Marshal.

☐ Other conditions:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: _____  Date: _2/24/22_

Case Name:  United States of America v. **Ariel James Pennington**        Case No.  MJ 22-00740

☒ Defendant      ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

2/2?/22
*Date*

_____
*Signature of Defendant / Material Witness*

_____
*Telephone Number*

LA
*City and State (DO NOT INCLUDE ZIP CODE)*

90028

☐ **Check if interpreter is used**: I have interpreted into the _____ language this entire form
and have been told by the defendant that he or she understands all of it.

_____                    _____
*Interpreter's Signature*                                              *Date*

Approved: _____          _____
*United States District Judge / Magistrate Judge*              *Date*

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: _____     Date: _____

Date Approved: 2/24/2022     Extension: 5046

By: Jena MacCabe
☐ PSA Officer *(for material witness only)* ☒ AUSA

Signature: _____

**FILED**
CLERK, U.S. DISTRICT COURT

2/24/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: clee DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
|---|---|
| PLAINTIFF, | 22-mj-740 |
| v. | |
| Pennnington | **AFFIDAVIT OF SURETY (NO JUSTIFICATION)** |
| DEFENDANT(S). | |

I, the undersigned surety, state on oath that I permanently reside within the jurisdiction of the United States District Court for the Central District of California at the address indicated below or in (City, State):

_____

I further state that I understand the provisions of the bond executed by the above-named defendant for which this affidavit supports, and I agree to be bound as a condition of this bond by the provisions of Local Criminal Rule 46-6 as set forth at the bottom of this document and further acknowledge and agree that I and my personal representatives are bound as a condition of this bond, jointly and severally with the defendant and other sureties, to pay to the United States of America the sum of $ 15,000 , in the event that the bond is forfeited.

I further understand that it is my obligation to inform the Court and counsel of any change in residence address or employment of the defendant immediately upon becoming aware of such fact.

I further agree and understand that, unless otherwise ordered by the Court, the bond for which this affidavit supports is a continuing bond (including any proceeding on appeal or review) which shall continue in full force and effect until such time as the undersigned is duly exonerated by Order of the Court.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on this 23 day of February , 20 2-0 .

Marisha Pennington
Name of Surety

M Pennington
Signature of Surety

Son
Relationship of Surety

X X X - X X - _____
Social Security Number of Surety *(Last 4 digits only)*

_____
Address of Surety

_____
City, State, Zip Code

*Local Criminal Rule 46-6*

   *Bond - Summary Adjudication of Obligation*

*A bond or undertaking presented for filing shall contain consent of the principal and surety that, in case of default or contumacy on the part of the principal or surety, the Court, upon ten (10) days notice, may render a judgment summarily in accordance with the obligation undertaken and issue a writ of execution upon such judgment. An indemnitee or party in interest seeking a judgment on a bond or undertaking shall proceed by Motion for Summary Adjudication of Obligation and Execution. Service may be made on a corporate surety as provided in 31 U.S.C. § 9306.*

## UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

**Case Name:** United States of America v. **Ariel James Pennington**          Case No. MJ 22-00740

■ Defendant    ☐ Material Witness

Violation of Title and Section: _49:46504; 18:111_

☐ Summons    ■ Out of District    ☐ **UNDER SEAL**    ☐ Modified Date: _____

---

*Check only one of the five numbered boxes below (unless one bond is to be replaced by another):*

| | |
|---|---|
| 1. ☐ Personal Recognizance (*Signature Only*) | (c). ☐ Affidavit of Surety With Justification (*Form CR-3*) Signed by: |
| 2. ☐ Unsecured Appearance Bond $ _____ | |
| 3. ☒ Appearance Bond $ 15,000 | ☐ With Full Deeding of Property: |
| (a). ☐ Cash Deposit (*Amount or %*) (*Form CR-7*) | |
| (b). ☒ Affidavit of Surety Without Justification (*Form CR-4*) Signed by: Defendant's mother *Marisha Pennington* | |
| | 4. ☐ Collateral Bond in the Amount of (*Cash or Negotiable Securities*): $ _____ |
| | 5. ☐ Corporate Surety Bond in the Amount of: $ _____ |

Release No.

Electronic Release 2/24/22-cc

☐ **Release to Pretrial ONLY**
☐ **Release to Probation ONLY**
■ Forthwith Release

☐ All Conditions of Bond (*Except Clearing-Warrants Condition*) Must be Met and Posted by:

☐ Third-Party Custody Affidavit (*Form CR-31*)

■ Bail Fixed by Court: SK / CC
*(Judge / Clerk's Initials)*

---

## PRECONDITIONS TO RELEASE

☐ The government has requested a Nebbia hearing under 18 U.S.C. § 3142(g)(4).

☐ The Court has ordered a Nebbia hearing under § 3142 (g)(4).

☐ The Nebbia hearing is set for _____ at _____ ☐ a.m. ☐ p.m.

## ADDITIONAL CONDITIONS OF RELEASE

In addition to the GENERAL CONDITIONS of RELEASE, the following conditions of release are imposed upon you:

■ Submit to: ■ Pretrial Services Agency (PSA) supervision as directed by PSA; ☐ Probation (USPO) supervision as directed by USPO. *(The agency indicated above, PSA or USPO, will be referred to below as "Supervising Agency.")*

■ Surrender all passports and travel documents to Supervising Agency no later than _____, sign a Declaration re Passport and Other Travel Documents (*Form CR-37*), and do not apply for a passport or other travel document during the pendency of this case.

■ Travel is restricted to CA CD and Western District of Oklahoma unless prior permission is granted by Supervising Agency to travel to a specific other location. Court permission is required for international travel.

■ Reside as approved by Supervising Agency and do not relocate without prior permission from Supervising Agency.

■ Maintain or actively seek employment and provide proof to Supervising Agency. ■ Employment to be approved by Supervising Agency.

☐ Maintain or begin an educational program and provide proof to Supervising Agency.

Defendant's Initials: _____ Date: 2/24/22

**Case Name:** United States of America v. Ariel James Pennington            Case No. MJ 22-00740

☑ Defendant   ☐ Material Witness

☑ Avoid all contact, directly or indirectly (including by any electronic means), with any person who is a known victim or witness in the subject investigation or prosecution, ☐ including but not limited to _____ ; ☐ except _____

☐ Avoid all contact, directly or indirectly (including by any electronic means), with any known codefendants except in the presence of counsel. Notwithstanding this provision, you may contact the following codefendants without your counsel present: _____ .

☑ Do not possess any firearms, ammunition, destructive devices, or other dangerous weapons. ☑ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use or possess any identification, mail matter, access device, or any identification-related material other than in your own legal or true name without prior permission from Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not engage in telemarketing.

☐ Do not sell, transfer, or give away any asset valued at $ _____ or more without notifying and obtaining permission from the Court, except _____ .

☐ Do not engage in tax preparation for others.

☑ Do not use alcohol.

☐ Participate in the electronic remote alcohol monitoring program as directed by Supervising Agency and abide by all the rules and requirements of the program. You must pay all or part of the costs for treatment based upon your ability to pay as determined by Supervising Agency.

☐ Do not use or possess illegal drugs or state-authorized marijuana. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not use for purposes of intoxication any controlled substance analogue as defined by federal law or street, synthetic, or designer psychoactive substance capable of impairing mental or physical functioning more than minimally, except as prescribed by a medical doctor.

☑ Submit to: ☐ drug and/or ☑ alcohol testing. If directed to do so, participate in outpatient treatment approved by Supervising Agency. You must pay all or part of the costs for testing and treatment based upon your ability to pay as determined by Supervising Agency.

☐ Participate in residential ☐ drug and/or ☐ alcohol treatment as directed by Supervising Agency. You must pay all or part of the costs of treatment based upon your ability to pay as determined by Supervising Agency. ☐ **Release to PSA only** ☐ **Release to USPO only**

☐ Submit to a mental health evaluation. If directed to do so, participate in mental health counseling and/or treatment approved by Supervising Agency. You must pay all or part of the costs based upon your ability to pay as determined by Supervising Agency.

☐ Participate in the Location Monitoring Program marked below and abide by all of the requirements of the program and any indicated restrictions, under the direction of the Supervising Agency. You must pay all or part of the costs of the program based upon your ability to pay as determined by the Supervising Agency. You are financially responsible for any lost or damaged equipment.

**Location Monitoring Technology**

☐ Location Monitoring technology at the discretion of the Supervising Agency

**or**

Defendant's Initials: _____    Date: 2/24/22

**Case Name:** United States of America v. __Ariel James Pennington__   Case No. __MJ 22-00740__

☑ Defendant   ☐ Material Witness

☐ Location Monitoring **with** a bracelet

    ☐ at the discretion of the Supervising Agency **or**

    ☐ Radio Frequency (RF) **or**

    ☐ Global Positioning System (GPS)

    ☐ Release to the Supervising Agency only **or**   ☐ Placement of bracelet within 24 hours of release

**or**

☐ Location Monitoring **without** a bracelet

    ☐ at the discretion of the Supervising Agency **or**

    ☐ Virtual/Biometric **or**

    ☐ Voice Recognition

**Restrictions**

☐ Location Monitoring only - no residential restrictions

☐ Curfew - You are restricted to your residence every day:

    ☐ from _____ to _____

    ☐ as directed by Supervising Agency

☐ Home Detention - You are restricted to your residence at all times except for employment, education, religious services, medical needs or treatment, attorney visits, court appearances and obligations, essential needs, and _____ , all of which must be preapproved by the Supervising Agency

☐ Home Incarceration - You are restricted to your residence at all times except for medical needs or treatment, attorney visits, court appearances and obligations, and _____ , all of which must be preapproved by the Supervising Agency

☐ You are placed in the third-party custody (*Form CR-31*) of _____ .

☐ Clear outstanding ☐ warrants or ☐ DMV and traffic violations and provide proof to Supervising Agency within ____ days of release from custody.

☐ Do not possess or have access to, in the home, the workplace, or any other location, any device that offers internet access except as approved by Supervising Agency. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property by Supervising Agency in conjunction with the U.S. Marshal.

☐ Do not associate or have verbal, written, telephonic, electronic, or any other communication with any person who is less than the age of 18 except in the presence of a parent or legal guardian of the minor.

☐ Do not loiter or be found within 100 feet of any schoolyard, park, playground, arcade, or other place primarily used by children under the age of 18.

☐ Do not be employed by, affiliated with, own, control, or otherwise participate directly or indirectly in the operation of any daycare facility, school, or other organization dealing with the care, custody, or control of children under the age of 18.

Defendant's Initials: _____   Date: _____

**Case Name:** United States of America v. **Ariel James Pennington**          Case No.   MJ 22-00740

■ Defendant          ☐ Material Witness

☐ Do not view or possess child pornography or child erotica. ☐ In order to determine compliance, you agree to submit to a search of your person and/or property, including computer hardware and software, by Supervising Agency in conjunction with the U.S. Marshal.

☐ Other conditions:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## GENERAL CONDITIONS OF RELEASE

I will appear in person in accordance with any and all directions and orders relating to my appearance in the above entitled matter as may be given or issued by the Court or any judicial officer thereof, in that Court or before any Magistrate Judge thereof, or in any other United States District Court to which I may be removed or to which the case may be transferred.

I will abide by any judgment entered in this matter by surrendering myself to serve any sentence imposed and will obey any order or direction in connection with such judgment as the Court may prescribe.

I will immediately inform my counsel of any change in my contact information, including my residence address and telephone number, so that I may be reached at all times.

I will not commit a federal, state, or local crime during the period of release.

I will not intimidate any witness, juror, or officer of the court or obstruct the criminal investigation in this case. Additionally, I will not tamper with, harass, or retaliate against any alleged witness, victim, or informant in this case. I understand that if I do so, I may be subject to further prosecution under the applicable statutes.

I will cooperate in the collection of a DNA sample under 42 U.S.C. § 14135a.

Defendant's Initials: _____     Date: _2/24/22_

Case Name: United States of America v. **Ariel James Pennington**          Case No.  MJ 22-00740

■ Defendant     ☐ Material Witness

## ACKNOWLEDGMENT OF DEFENDANT/MATERIAL WITNESS

As a condition of my release on this bond, pursuant to Title 18 of the United States Code, I have read or have had interpreted to me and understand the general conditions of release, the preconditions, and the additional conditions of release and agree to comply with all conditions of release imposed on me and to be bound by the provisions of Local Criminal Rule 46-6.

Furthermore, it is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which will continue in full force and effect until such time as duly exonerated.

I understand that violation of any of the general and/or additional conditions of release of this bond may result in a revocation of release, an order of detention, and a new prosecution for an additional offense which could result in a term of imprisonment and/or fine.

I further understand that if I fail to obey and perform any of the general and/or additional conditions of release of this bond, this bond may be forfeited to the United States of America. If said **forfeiture is not set aside, judgment may be summarily entered in this Court against me and each surety, jointly and severally, for the bond amount, together with interest and costs. Execution of the judgment may be issued or payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States, and any cash or real or personal property or the collateral previously posted in connection with this bond may be forfeited.**

_2/24/22_                    _[signature]_                    _[phone]_
Date                    Signature of Defendant / Material Witness            Telephone Number

_LA_                    _90028_
City and State (**DO NOT INCLUDE ZIP CODE**)

☐ **Check if interpreter is used**: I have interpreted into the _____ language this entire form and have been told by the defendant that he or she understands all of it.

_____                    _____
Interpreter's Signature                                                       Date

Approved: _Karen L. Stevenson_                    _Feb. 25, 2022_
          United States ~~District Judge~~ / Magistrate Judge            Date

If cash deposited: Receipt # _____ for $ _____

(This bond may require surety agreements and affidavits pursuant to Local Criminal Rule 46.)

Defendant's Initials: _[initials]_   Date: _2/24/22_