<u>**SENTENCING COURTROOM MINUTE SHEET**</u>                                    DATE  <u>June 23, 2023</u>

CASE NO. <u>CR-22-00022-JD</u>                      U.S.A. -v- <u>ARIEL JAMES PENNINGTON</u>

COMMENCED <u>1:00 p.m.</u>        ENDED <u>1:45 p.m.</u>                TOTAL TIME <u>45 minutes</u>

JUDGE <u>JODI W. DISHMAN</u>      DEPUTY <u>NYSSA VASQUEZ</u>    REPORTER <u>CASSY KERR</u>

| Plf. Counsel: Danielle M. Connolly, AUSA with FBI Special Agent Marc Jones | Dft. Counsel: Kenny R. Goza, Retained |
|---|---|
| Probation Officer: Angelique DeBlois | Interpreter: N/A |

<u>SENTENCING MINUTE</u>: Defendant appears in person with retained counsel. Counsel and Defendant confirm receipt and review of the Final Presentence Report and addendum. The Court adopts and accepts the final presentence investigation report and the addendum as the findings of the Court for sentencing purposes. The Court hears oral argument as to an appropriate sentence from both sides. Counsel for the government requests a within guideline range sentence of 6 months imprisonment, followed by a 3-year term of supervised release, as well as restitution in line with its Sentencing Memorandum [Doc. No. 37]. The government is not seeking a fine. Counsel for the Defendant seeks a probationary sentence in line with its Sentencing Memorandum [Doc. No. 36]. Defendant's statement heard. The Court imposes the sentence as shown below and as stated on the record. Lastly, counsel for Defendant requests by oral motion to allow the Defendant to self-surrender. With no objection by the government, the Court GRANTS Defendant's unopposed oral motion to self-surrender.

☒ DEFENDANT IS SENTENCED TO CUSTODY OF BUREAU OF PRISONS FOR A TERM OF <u>**6 MONTHS as to Count 1 of the Indictment filed 1/18/2022**</u>.

☒ Upon expiration of sentence imposed herein, defendant shall serve a term of supervised release of <u>**3 YEARS as to Count 1 of the Indictment filed 1/18/2022**</u>.

☒ **Count 2 of the 2-Count Indictment** returned on 01/18/2022 is **DISMISSED** as to this defendant per order filed.

☒ Defendant must comply with the mandatory, standard, and special conditions of supervision that are set out in the Judgment in a Criminal Case.

☒ The court does not impose community service.

☒ Defendant ordered to make restitution in the amount of $<u>**12,491.75.**</u>

☒ The court does not impose a term of probation.

☒ Fine is hereby waived due to defendant's inability to pay such fine.

☒ Defendant ordered to pay Special Assessment fee of $100.00 on Count(s)  One (1)  for a total of $100.00, due immediately.

☒ Recommended to participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program at a rate determined by the Bureau of Prisons staff in accordance with the program.

☒ If eligible, it is recommended that the defendant participate in any available substance abuse program or course and anger management program or course through his imprisonment with BOP.

☒  Defendant advised that pursuant to the plea agreement, he waived the right to appeal or collaterally challenge the sentence imposed by the Court, except under limited circumstances. Defendant advised that to the extent the right of appeal survives the waiver in the plea agreement, the right to appeal from such judgment, sentence, and conviction is to the United States Court of Appeals for the Tenth Circuit. Defendant advised that he may apply for leave to appeal in forma pauperis if he qualifies.

☒ Execution of sentence stayed until 12:00 p.m., Friday, September 1, 2023, at which time Defendant's court appearance bond will be exonerated. Defendant to remain on present bond and previously imposed conditions until he self-surrenders on 9/1/2023 at noon (at the time zone of the designated facility) for service of sentence at the institution designated by the Bureau of Prisons. If a designation has not been made the Defendant shall report to the United States Marshals Service in the district where he resides on 9/1/2023 at 12:00 p.m.

☒ Court recommends that defendant be designated at: a facility within the Washington D.C. area.

Authorities cited by Court:
Statutes and Rules:
1. 18 U.S.C. § 3553
2. Various U.S.S.G. policy statements and provisions